An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ESPLANADE NEVADA LLC, A DELAWARE LIMITED LIABILITY COMPANY; JONATHAN L. NEELEY, INDIVIDUALLY AND AS TRUSTEE OF THE JONATHAN L. NEELEY TRUST DATED APRIL 2, 1996; AND BRIO INVESTMENT GROUP, INC., Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE SUSAN SCANN, DISTRICT JUDGE, Respondents, and FIFTH AND CENTENNIAL ASSOCIATES, LLC, A NEVADA LIMITED LIABILITY COMPANY; PICERNE DEVELOPMENT CORPORATION, AN ARIZONA CORPORATION; AND CENTENNIAL DEVELOPMENT ASSOCIATES, LLC, Real Parties in Interest. | No. 59444 <br><br> FILED <br><br> FEB 0 6 2013 <br><br> TRACIE K. LINDEMAN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

## ORDER GRANTING PETITION

This is an original petition for a writ of mandamus or prohibition challenging district court discovery orders in a real property contract action.

Petitioner Esplanade Nevada, LLC agreed to purchase an apartment complex in North Las Vegas from real party in interest Fifth and Centennial Associates, LLC. During construction, concerns arose as

13-03842

to whether the complex was being constructed in a defect-free manner. Esplanade requested invasive and destructive testing to determine whether there were material defects, but because the contract was silent on the issue, Fifth only granted Esplanade the right to conduct visual inspection. Esplanade subsequently sued for breach of contract for the potential material defects and requested invasive and destructive testing from the district court. In filing the suit, Esplanade did not explicitly comply with the contractual requirements for providing notice and an opportunity to cure. The district court determined that the case was based on breach of contract, not construction defect, and on that basis curtailed the scope of discovery. The court indicated that it did not want to transform the case from a breach of contract action to a construction defect action and focused the case on the notice and cure requirements. Esplanade then filed this writ petition.[1]

Esplanade argues that the district court abused its discretion by issuing blanket discovery orders preventing Esplanade from conducting discovery. Discovery matters will not be disturbed unless the court has clearly abused its discretion. Matter of Adoption of Minor Child, 118 Nev. 962, 968, 60 P.3d 485, 489 (2002). Thus, we generally will not exercise our discretion to review discovery orders through petitions for extraordinary relief unless the challenged discovery order is one that is likely to cause irreparable harm, such as a blanket order allowing discovery without regard to the relevance of the information sought. See Hetter v. District

---

[1]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

Court, 110 Nev. 513, 515, 874 P.2d 762, 763 (1994); Mays v. District Court, 105 Nev. 60, 61, 768 P.2d 877, 878 (1989).

Nevada's discovery rules "grant broad powers to litigants promoting and expediting the trial of civil matters by allowing those litigants an adequate means of discovery during the period of trial preparation." Maheu v. District Court, 88 Nev. 26, 42, 493 P.2d 709, 719 (1972); see also NRCP 34. A party is allowed to discover any relevant information that is "reasonably calculated to lead to the discovery of admissible evidence." NRCP 26(b)(1). The relevancy requirement "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Here, while Esplanade failed to contract for destructive testing, the contract did not preclude such discovery as it did not identify the scope of testing. Contrary to the position taken by the district court, a contractual enabling clause is not required to engage in discovery in a breach of contract action. Thus, the district court had the discretion to allow or deny destructive testing. We conclude that the district court, in determining that destructive inspections were not allowed pursuant to the contract, failed to consider the relevant discovery rules and the importance of testing on the issue of breach of contract and specific performance. The prevented discovery directly pertained to the central issue of alleged defects and intrusive or destructive testing is relevant to those claims. Cf. NRCP 26(c) (acknowledging that the district court may limit discovery to prevent undue burden). Accordingly, we conclude that

 

the district court erred by entering the discovery order without regard to the relevance of the information sought.[2]

Because "a clear, legal right to the relief sought is shown," Ex Rel. Blake v. County Commissioners, 48 Nev. 299, 304, 231 P. 384, 385 (1924), and as judicial economy favors issuing the writ, we grant the writ petition. We therefore reverse the district court's determination regarding discovery, and remand for a determination of the appropriate scope of invasive or destructive testing considering the burden and associated expense and its relevance to the breach of contract and specific performance claims. Smith v. District Court, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to allow for proper discovery.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Saitta

---

[2]We also note there is no merit to the suggestion made by the district court that allowing discovery would impermissibly transform this case into a construction defect action.

cc:    Hon. Susan Scann, District Judge
       Kemp, Jones & Coulthard, LLP
       Fennemore Craig Jones Vargas/Las Vegas
       Eighth District Court Clerk